MICHAEL PARDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pardo v. Commissioner
Docket No. 20660-82.
United States Tax Court
T.C. Memo 1984-271; 1984 Tax Ct. Memo LEXIS 399; 48 T.C.M. (CCH) 145; T.C.M. (RIA) 84271; May 22, 1984. Michael Pardo, pro se. John F. Driscoll, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment made pursuant to Rule 121. [1]
*400 Respondent determined a deficiency of $7,581.43 and an addition to tax for fraud under section 6653(b) of $3,790.71 with respect to petitioner's Federal income tax for 1979. The substantive issues are (1) whether petitioner under-reported his 1979 gross income by the amount of $30,392.71, and (2) if so, whether any part of his underpayment of tax for that year was due to fraud. Petitioner resided in Tampa, Florida, at the time the petition [2] in this case was filed. On February 16, 1983, this Court granted respondent's motion under Rule 37(c) that undenied allegations in respondent's answer be deemed admitted. The following is a summary of facts deemed admitted and undisputed in the pleadings. During 1979, petitioner worked as a plumber. He received $30,392.71 from two employers in that year, consisting of $30,221.89 from Tampa Steel Erecting, Inc. and $170.82 from Lakeland Construction Co. Petitioner filed proper Federal income tax returns for 1977 and 1978. For 1979, *401 however, petitioner filed a Form 1040A which reported taxable income of zero. He attached W-2 forms upon which the amounts of wages and withholding tax had been altered and obliterated. During 1979, petitioner filed with Tampa Steel Erecting, Inc. a Form W-4, Employee's Withholding Allowance Certificate, upon which he claimed to be exempt from federal withholding tax. Tampa Steel Erecting, Inc. consequently failed to withhold Federal income tax from petitioner's wages. Petitioner also filed with his employers a notice which claimed that the forms W-2 issued to him were inaccurate. The first issue is whether petitioner is liable for the asserted deficiencies. We find none of the essential facts to be disputed, and that respondent is entitled to judgment as a matter of law. Petitioner received wages of $30,392.71 but failed to report this amount of his 1979 return. Petitioner concedes that he received $30,392.71 from the companies which employed him in 1979, but contends that wages are not gross income because they were received as an equal exchange for his labor. He argues that he therefore received no gain on the transaction and hence is not subject to federal income *402 tax. These arguments have been considered and rejected repeatedly by the courts and, by now, are recognized as frivolous; wages clearly constitute income. ; ; section 61(a)(1). Accordingly, we grant respondent's motion for summary judgment as to the deficiency asserted. The second issue concerns petitioner's liability for the addition to tax for fraud under section 6653(b). Respondent has the burden of proving by clear and convincing evidence that some part of the underpayment for 1979 was due to fraud. Section 7454(a); Rule 142(b); . However, where sufficient facts are deemed admitted and undisputed, summary judgment on this issue may be appropriate. . Respondent must show that petitioner intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. . The presence of fraud is *403 to be determined from all the facts and circumstances. . This Court has found that facts indistinguishable from these constitute clear and convincing evidence of fraudulent intent. . We see no reason to conclude differently here. Petitioner intentionally mutilated his W-2 form in an effort to conceal income and interfere with respondent's ability to monitor compliance with the income tax laws. Petitioner failed to file an adequate tax return. . Petitioner filed fraudulent documents with his employers in order to prevent taxes from being withheld from his wages. We sought refunds to which he was not entitled, which fact he must have known having paid taxes in prior years. Accordingly, we also grant respondent's motion for summary judgment with respect to the addition to tax under section 6653(b). Finally, we find this proceeding to have been instituted by petitioner merely for delay and accordingly, on our own motion, we award damages to the United States of $500 under section 6673. An appropriate *404 order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Petitioner filed a boilerplate petition virtually identical to petitions filed by other taxpayers in the Tampa region who are members of a tax protester group called the Keystone Society.↩